**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ORANGEBURG DIVISION**

| | | |
|---|---|---|
| Minnie Dickerson, | ) | |
| | ) | Civil Action No. 5:14-cv-03722-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Albemarle Corporation; | ) | |
| CB&I Maintenance, Inc., f/k/a | ) | |
| Shaw Maintenance, Incorporated, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## I.    INTRODUCTION

Plaintiff Minnie Dickerson filed this action seeking actual and punitive damages against Defendants Albemarle Corporation ("Albemarle") and CB&I Maintenance, Incorporated ("CB&I"). (ECF No. 38.) Plaintiff's request for damages is grounded in four causes of action against Defendant: 1) defamation of character, slander, and libel, 2) wrongful termination of employment, 3) intentional infliction of emotional distress, and 4) negligence.

## II.    JURISDICTION

Defendants properly removed this matter to federal court. *See* 28 U.S.C. § 1441(a) (2012) ("Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the . . . defendants, to the district court of the United States for the district and division embracing the place where such action is pending."). Because the amount in controversy exceeds the jurisdictional requirement and because the

citizens in this action are of different states, this court has original subject matter jurisdiction. *See id.* § 1332.[1]

### III.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff resides in Bamberg County, South Carolina.  (Amend. Compl. ¶ 1.)   She was employed from April 2008 until March 2012, as a supervisor at the Albemarle plant, where she provided janitorial services under a contract Defendant Shaw (CB&I) received.  (Amend. Compl. ¶ 5.)   Essentially, Plaintiff alleges that she witnessed "unprofessional conduct of a sexual nature by co-workers" while performing her job duties, and she reported the conduct to her supervisors. (*Id.* ¶ 9.)   Plaintiff claims that in retaliation for her reporting this conduct, co-workers and supervisors "falsely alleged that Plaintiff made unwanted sexual advances to a co-worker," (*Id.* ¶ 10), and, more generally, that she was "harassed by her supervisors" between March 9, 2012 and March 21, 2012.  (*Id.* ¶ 9.)

On August 7, 2015, this court granted Plaintiff's request for leave to amend her original Complaint.   (ECF No. 34.)   Plaintiff filed her Amended Complaint against Defendants on September 1, 2015.  (ECF No. 38.)  This matter is before the court on Defendants' Motions to Dismiss (ECF Nos. 42, 43).

---

[1] Defendant asserts the amount in controversy here exceeds this jurisdictional amount required by § 1332 and that this action involves a controversy which is wholly between citizens of different states.  (ECF No. 1 at 2–3.)  Defendant Albemarle is incorporated and has its principal place of business in Louisiana.  (*Id.*)  Defendant CB&I is incorporated in Virginia and has its principal place of business in Louisiana.  (*Id.*)  Plaintiff has not filed any objections to this assertion.  *See, e.g.*, *Mattison v. Wal-Mart Stores, Inc.*, No. 6:10-CV-01739-JMC, 2011 WL 494395, at *2–*4 (D.S.C. Feb. 4, 2011) (concluding that removal and diversity jurisdiction were proper because 1) the defendant stated that the amount in controversy requirement was met, given the disputed claims, 2) because the parties met the diversity of citizenship requirements, and 3) because the plaintiff filed no pre-removal objections that the amount in controversy was not met).

## IV.     LEGAL STANDARDS AND ARGUMENTS

A.     Motion to Dismiss

A Fed. R. Civ. P. 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); *see also Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.").  To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

A Rule 12(b)(6) motion should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support her claim and would entitle her to relief.  *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).  When considering a Rule 12(b)(6) motion, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff.  *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999); *Mylan Labs., Inc.*, 7 F.3d at 1134.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## V.     ANALYSIS

A.     Defendant Albemarle's Motion to Dismiss (ECF No. 42)[2]

---

[2] Except where as indicated and described, Defendant CB&I's arguments in support of its Motion to Dismiss (ECF No. 43) generally parallel those of Defendant Albemarle.

1.  Defamation

Defendant Albemarle argues that Plaintiff's defamation claim should be dismissed because it fails to allege specific facts to satisfy the state and federal standard for pleading a defamation claim. (ECF No. 42 at 4.)  Specifically, Defendant contends that Plaintiff fails to identify:

> (i) what agent or employee of Albemarle made the allegedly defamatory statements, (ii) to whom such statements were made, (iii) the contents of such statements, the location of these statements, (iv) the time at which the statements were made, or, (v) even assuming that such statements were made, that they were not privileged.

(*Id.* at 5.)  Defendant explains that in not doing so, Plaintiff fails to fulfill the requirement for pleading defamation under *Erickson v. Jones St. Publishers, LLC*, 368 S.C. 444, 464 (S.C. 2006) (outlining the requirements of a defamation claim) and *Sellers v. S.C. Autism Soc., Inc.*, 861 F. Supp. 2d 692, 699 (D.S.C. 2012) (emphasizing the requirements for satisfying the elements of a defamation claim in order to survive a motion to dismiss).  (*Id.* at 4–5.)[3]

2.  Wrongful Termination

Among other arguments, Defendant Albemarle asserts that Plaintiff, as an at-will employee, cannot recover for the wrongful termination claim because even if her termination was retaliatory and in contravention of public policy,[4] the "public policy exception to the otherwise unconstrained ability to terminate an at-will employee does *not* apply to 'situations

---

[3] Defendant CB&I specifically adds that Plaintiff's Amended Complaint (ECF No. 38) still fails under the Fed. R. Civ. P. 12(b)(6) standard in that it does not: "[1] state, rather than characterize as "sexual advances," what was actually said or written regarding the allegedly defamatory statements; [2] attribute with any specificity, who supposedly uttered the allegedly defamatory statement(s) and to whom; [3] describe or state where the allegedly defamatory statements were made, [4] describe the context under which the allegedly defamatory statements were published; [5] allege facts to establish that the allegedly defamatory statements were not privileged."  (ECF No. 43 at 4.)

[4] Plaintiff states in her Amended Complaint as part of her wrongful termination claim: "As a direct and proximate result of the reckless and willful actions of the Defendants, Plaintiff lost her job and said actions are against public policy."  (Amend. Compl. ¶ 31.)

where the employee has an existing statutory remedy for wrongful termination.'" (*Id.* at 9 (citing

*Barron v. Labor Finders of South Carolina*, 393 S.C. 609, 614 (S.C. 2011).)    Defendant

Albemarle argues that because a statutory remedy for the termination of employees—specifically

in retaliation for reporting sexual harassment—is available under both 42 U.S.C. § 2000e-3

(2012) and S.C. Code Ann. § 1-13-80 (2015), Plaintiff's claim must be dismissed.  (*Id.* (citing

*Heyward v. Monroe*, 166 F.3d 332 (4th Cir. 1998).)

    3.  Intentional Infliction of Emotional Distress and Negligence

Defendant Albemarle argues that as Plaintiff is Albemarle's statutory employee,[5] the

South Carolina Worker's Compensation scheme provides her sole remedy for her claims of

intentional infliction of emotional distress and negligence.  (*Id.* at 12–13 (citing supporting South

Carolina state law).)

    B.        The Court's Analysis

    1.  Defamation

This court agrees that Plaintiff's defamation claim must be dismissed for failure to state a

cause of action. A claim for defamation must establish: "(1) a false and defamatory statement

was made; (2) the unprivileged publication of the statement to a third party; (3) the publisher was

at fault; and (4) either the statement was actionable irrespective of harm or the publication of the

statement caused special harm." *Erickson v. Jones St. Publishers, LLC*, 368 S.C. 444, 464 (S.C.

2006); *see also Sellers v. S.C. Autism Soc., Inc.*, 861 F. Supp. 2d 692, 699 (D.S.C. 2012)

(emphasizing the requirements for satisfying the elements of a defamation claim in order to

---

[5] Defendant Albemarle argues that Plaintiff is Albemarle's statutory employee under the court's rationale for what qualifies as a statutory employee in *Meyer v. Piggly Wiggly No. 24, Inc.*, 338 S.C. 471 (S.C. 2000).  (ECF No. 42 at 11–12.)  Defendant notes that S.C. Code Ann. § 4-1-400 (2015) imposes workers compensation liability on a business owner for workers not under his direct employ when he "undertakes to perform or execute any work which is a part of his trade, business or occupation" and contracts with a subcontractor "for the execution or performance . . . of the whole or any part of the work undertaken by such owner."  (*Id.* at 11.)

survive a motion to dismiss).

In her Amended Complaint, Plaintiff names specific employees of Defendants that "acted with malice to destroy the character of Plaintiff by alleging that Plaintiff made sexual advances towards a female employee on the job." (Amend. Compl. ¶ 14.) Plaintiff alleges that these employees discussed these allegations—which they knew to be false—with several individuals and staff members at Plaintiff's work place and that "the false allegations were published to the community at-large." (*Id.* ¶ 15–17.) Plaintiff contends that she does not know "why such false allegations would be considered privileged and would need to be disseminated to co-workers and/or administrative staff" and that as a result of Defendants' actions in this regard, she suffered harm to her character, she suffered permanent mental and physical injuries, and she lost her employment. (*Id.* ¶ 19–22.)

This court finds that Plaintiff's allegations, as they are pleaded, leaves it unclear whether, indeed, "a false and defamatory statement was made," as *Erickson v. Jones St. Publishers, LLC* requires for a defamation cause of action. *See Erickson v. Jones St. Publishers, LLC*, 368 S.C. 444, 464 (S.C. 2006) (outlining the requirements of a defamation claim). Specifically, this court agrees with Defendants' concerns, (*see* ECF No. 43 at 4–5), that the false allegation that Plaintiff made sexual advances is too nebulous a claim to survive a motion to dismiss.

For example, it is not even clear whether Plaintiff's allegation is that coworkers used the specific term, "sexual advance," in their alleged defamatory comments about Plaintiff or whether their false reporting was something else that Plaintiff, herself, now characterizes as a "sexual advance." (*See, e.g.*, *id.* ("Did someone say [Plaintiff] asked someone out on a date? Did someone say [Plaintiff] complimented someone else on their appearance? Was it both? Did she do it once or several times?").) In short, Plaintiff has not alleged "sufficient factual matter,"

6

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)), upon which Plaintiff might obtain relief from this court for a defamation cause of action.

This finding comports with this court's rulings on motions to dismiss in other defamation claims. For example, in *Johnson v. Duke Energy Corp.*, the defendant, as part of its motion to dismiss, similarly had argued that the plaintiff failed to sufficiently plead specific defamatory comments regarding the plaintiff's unprofessional and negligent conduct and poor judgment on the job. No. CA 0:13-2967-MBS, 2014 WL 2434630, at \*2 (D.S.C. May 29, 2014). This court denied the defendant's motion to dismiss because the plaintiff alleged, for example, that the defendant specifically stated that he falsified an on-the-job training sheet. *Id.*; *see also Howard v. Allen Univ.*, No. CA 3:11-2214-MBS-SVH, 2012 WL 3637746, at \*4 (D.S.C. Aug. 22, 2012) (finding that the plaintiff's specific allegation that the defendant made "verbal statements to senior staff . . . that Plaintiff lacked the integrity to be an effective senior administrator" met the pleading standards of *Twombly* and *Iqbal*); *Odom v. CVS Caremark Corp.*, No. CIV.A. 3:14-456-MGL, 2015 WL 3536699, at \*5 (D.S.C. June 4, 2015) (finding that the plaintiff had pleaded a claim for defamation sufficient to survive a motion to dismiss because the plaintiff specifically alleged that the defendant made statements to the plaintiff's coworkers that he falsified documents and committed a health code violation). Plaintiff's broad and unspecific allegation of defamation in this case is lacking in this regard. *See English Boiler & Tube, Inc. v. W.C. Rouse & Son, Inc.*, 172 F.3d 862, 1999 WL 89125, at \*3 (4th Cir. 1999) (unpublished table decision) (concluding that in a defamation claim, "[a] plaintiff may not baldly allege a broad course of conduct over a lengthy period of time and later sue on any act that occurred during that time period"); *Brown v. Ferguson Enters., Inc.*, Civ. No. CCB–12–1817, 2012 WL 6185310, at \*3 (D.

Md. Dec. 11, 2012) (finding that a plaintiff's allegations could not plausibly support a claim for defamation where the allegations "contain[ed] no specific description of the content of the alleged statements").  This court therefore finds it necessary to grant Defendants' Motions to Dismiss on the defamation claim.

    2.  Wrongful Termination, Intentional Infliction of Emotional Distress, and Negligence

This court also finds that Plaintiff's claims of wrongful termination, (Amend. Compl. ¶ 23–31), intentional infliction of emotional distress, (*Id.* ¶ 32–37), and negligence, (*Id.* ¶ 38–39), should be dismissed due to the availability of statutory remedies.

As to Plaintiff's wrongful termination claim, (Amend. Compl. ¶ 22), both 42 U.S.C. § 2000e-3 and the S.C. Code Ann. § 1-13-80 provide statutory remedies for employees, like Plaintiff here, who allegedly are terminated in retaliation for reporting sexual harassment. *See* 42 U.S.C. § 2000e-3 (2012) (providing for an anti-retaliation federal cause of action in the employment context); S.C. Code Ann. § 1-13-80 (2015) (providing for an anti-retaliation state cause of action in the employment context).  More specifically, because Plaintiff, as an at-will employee, asserts a claim of wrongful termination in violation of public policy, (Amend. Compl. ¶ 31), this court must dismiss it because Plaintiff can maintain such a claim only in the absence of a statutory remedy.  *Barron v. Labor Finders of South Carolina*, 713 S.E.2d 634, 636 (2011) ("The public policy exception does not . . . extend to situations where the employee has an existing statutory remedy for wrongful termination."); *see Heyward v. Monroe*, 166 F.3d 332 (4th Cir. 1998) ("South Carolina permits an action under the public policy exception when an at-will employee is terminated for refusing to violate the law. It has not been extended to circumstances where there is a statutory remedy for employment discrimination, as in this case.").

8

Similarly, the South Carolina Workers' Compensation Act, S.C. Code Ann. § 42 *et seq.*, governs Plaintiff's claims of intentional infliction of emotional distress and negligence. *See* S.C. Code Ann. § 42-1-540 (2015); *McClain v. Pactiv Corp.*, 360 S.C. 480, 484 (S.C. Ct. App. 2004) ("[I]ntentional infliction of emotional distress constitutes a personal injury that falls within the scope of the Act."); *Nix v. Columbia Staffing*, 322 S.C. 277 (S.C. Ct. App. 1996) (agreeing that the Workers' Compensation Act was the exclusive remedy for plaintiff's negligence claim); *Sutton v. Securitas Sec. Services, USA, Inc.*, CA 4:13-2542-MGL, 2014 WL 1513867 (D.S.C. Apr. 16, 2014) ("South Carolina courts . . . have found that the Act provides the exclusive remedy for alleged failure of an employer to exercise reasonable care in selection, retention, and supervision of employees.") (citations omitted).

Plaintiff clearly is the statutory employee of both Defendants under S.C. Code Ann. § 42-1-400 (2015). *See, e.g.*, *Wheeler v. Morrison Machinery Co.*, 313 S.C. 440 (S.C. Ct. App. 1993) (finding that workers of contractor hired to perform services were statutory employees of owner). *See also supra* note 5 (referencing arguments for why Plaintiff specifically qualifies as a statutory employee of Defendant Albemarle). Thus, Plaintiff's sole remedy for work-related injuries stemming from Defendants' alleged negligence and intentional infliction of emotional distress falls under the Act. *See* S.C. Code Ann. § 42-1-540 (2015); *Carter v. Florentine Corp.*, 310 S.C. 228, 230 (1992) *overruled on other grounds by Woodard v. Westvaco Corp.*, 319 S.C. 240 (1995) ("Where an employer is covered by Workers' Compensation, the Act is the exclusive remedy of an employee injured in the course and scope of employment."); *see also, e.g.*, *McClain v. Pactiv Corp.*, 360 S.C. 480, 484 (Ct. App. 2004) (considering injuries under the Workers' Compensation Act and acknowledging that "intentional infliction of emotional distress constitutes a personal injury that falls within the scope of the act"); *Nix v. Columbia Staffing,*

*Inc.*, 322 S.C. 277 (Ct. App. 1996) (affirming that the Workers' Compensation Act provides the exclusive remedy for the plaintiff's negligence claim).

Because this court finds that the available statutory remedies described above preclude Plaintiff's claims, and that Plaintiff provides no arguments to counter this conclusion, it declines to reach Defendants' additional arguments as to Plaintiff's claims for wrongful termination, intentional infliction of emotional distress, and negligence.

## VI.    CONCLUSION

For these reasons, this court **GRANTS** Defendants' Motions to Dismiss (ECF Nos. 42, 43).

**IT IS SO ORDERED**.

J. Michelle Childs

United States District Judge

January 21, 2016
Columbia, South Carolina